***********
This matter is before the Industrial Commission upon a tort claim filed by plaintiff alleging that the State of North Carolina Teachers' and State Employees' Comprehensive Major Medical Plan ("State Health Plan") did not pay for plaintiff's son's medical treatment and that NCDOI affirmed the State Health Plan's non-certification decision on appeal. Plaintiff's first affidavit asserted a claim only against the State Health Plan, but by amended affidavit, NCDOI was also named as a defendant. Defendant NCDOI filed a Motion to Dismiss the tort claim under Rules 12(b)(1) and (2) of the North Carolina Rules of Civil Procedure for lack of subject matter jurisdiction, lack of personal jurisdiction, and sovereign immunity.
Defendant NCDOI's Motion to Dismiss was heard by Deputy Commissioner Glenn in Durham on October 11, 2004. After hearing arguments of counsel, reviewing briefs of the parties with supporting case law, statutory authority and affidavits filed by Susan Nestor of NCDOI on behalf of the agency, the Deputy Commissioner entered an order denying defendant NCDOI's Motion to Dismiss. Defendant NCDOI appealed this Order to the Full Commission.
Subsequent to the motion hearing before the Deputy Commissioner, plaintiff and defendant State Health Plan entered into a Settlement Agreement and Release and a Release of Tort Claims (Form T-3) which was approved by the Industrial Commission on June 28, 2005. The Settlement Agreement released only plaintiff's claims against the State Health Plan and specifically excluded the claims against NCDOI.
Upon review of the plaintiff's affidavits and the affidavits of Susan Nestor, the Full Commission concludes that plaintiff failed to show that the Industrial Commission has subject matter jurisdiction over his claims against NCDOI pursuant to N.C. Gen. Stat. § 143-291(a). N.C. Gen. Stat. § 143-291(a) gives the Industrial Commission jurisdiction over individual claims that arise as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency, or authority, under circumstances where the State of North Carolina, if a private person, would be liable. Plaintiff's affidavit states that his claim is not for an injury in tort and that neither plaintiff nor his son is claiming injury due to the negligence of any state agency or employee. Rather, plaintiff's claim is an appeal of a decision on non-certification made not by the NCDOI, but by an Independent Review Organization. Hayes Plus of Lansdale, Pennsylvania, the assigned Independent Review Organization, conducted the review of the State Health Plan's decision and issued the decision on plaintiff's external medical necessity review. Thus, this proceeding is not a valid tort claim as to the NCDOI.
Therefore, the Industrial Commission lacks subject matter jurisdiction over plaintiff's claim and plaintiff's claim is not properly before the Industrial Commission. N.C. Gen. Stat. § 143-291(a).
Accordingly, the Commission vacates the Order of the Deputy Commissioner and plaintiff's claim against the North Carolina Department of Insurance is HEREBY DISMISSED.
This 19th day of July, 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER